United States District Court
Southern District of Texas
**ENTERED**
December 01, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRITON HEDRON LLC, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:21-cv-01863 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| PERMADUCTO SA DE CV, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND OPINION
ENTERING DEFAULT JUDGMENT

The motion by Plaintiff Triton Hedron, LLC for default judgment is granted. Dkt 10.

1. Background

In general, Plaintiff sued Defendant Permaducto S.A. de C.V. for breach of contract and quantum meruit. Dkt 1 at ¶¶ 8 & 9. Defendant has failed to appear in this matter. The facts alleged by Plaintiff in the complaint and supporting affidavits are thus accepted as true. See *Nishimatsu Construction Company v Houston National Bank*, 515 F2d 1200, 1206 (5th Cir 1975).

With a bit more detail, Plaintiff alleges that Defendant failed to provide timely compensation in accordance with the terms of a contract between the parties. Dkt 1 at ¶ 8; see also Dkt 10-1 (contract). According to Plaintiff, Defendant was to charter for hire a certain vessel as specified by the contract. Dkt 1 at ¶ 5. Plaintiff didn't waive the contractual requirements, but Defendant failed to perform for over forty-five days resulting in early termination of the contract. Ibid. Plaintiff claims that per the terms of the contract, early termination entitled it to

interest at a rate of 9% per annum and a termination payment calculated as ten percent of the 72-day charter period at a daily rate of $55,000.00, or $396,000.00. Id at ¶ 6; see also Dkt 10-1 at 1–4.

Defendant failed to remit the termination payment despite Plaintiff's demand. Dkt 1 at ¶ 7. Plaintiff then brought this action against Defendant in June 2021. It seeks damages in the amount of $396,000.00, interest on this amount at a rate of 9% per annum, and post-judgment interest. Dkt 10 at 6–7.

It has previously been established that Defendant was properly served. But it didn't answer or otherwise respond. The request by Plaintiff for entry of default was granted. Dkt 9. The Clerk then entered default against Defendant on August 24, 2021. See Entry of Default of 08/24/21. Plaintiff now moves for default judgment pursuant to Rule 55(b)(2). Dkt 10.

2. Legal Standard

Rule 55 of the Federal Rules of Civil Procedure governs applications for default and default judgment. This involves sequential steps of default, entry of default, and default judgment. A *default* occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *New York Life Insurance Company v Brown*, 84 F3d 137, 141 (5th Cir 1996). An *entry of default* is what the clerk enters when a plaintiff establishes the default by affidavit or otherwise pursuant to Rule 55(a). A *default judgment* can thereafter enter against a defendant upon application by a plaintiff pursuant to Rule 55(b)(2).

The Fifth Circuit instructs that a default judgment is "a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v Pelican Homestead & Savings Association*, 874 F2d 274, 276 (5th Cir 1989) (citations omitted). A plaintiff isn't entitled to a default judgment as a matter of right, even if default has been entered against a defendant. *Lewis v Lynn*, 236 F3d 766, 767 (5th Cir 2001). Rather, a

2

default judgment "must be 'supported by well-pleaded allegations' and must have 'a sufficient basis in the pleadings.'" *Wooten v McDonald Transit Associates Inc*, 788 F3d 490, 498 (5th Cir 2015) (citation omitted). The well-pleaded allegations in the complaint are assumed to be true, except those regarding damages. *Nishimatsu*, 515 F2d at 1206.

The decision to enter a judgment by default is discretionary. *Stelax Industries Ltd v Donahue*, 2004 WL 733844, *11 (ND Tex). "Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party." *John Perez Graphics & Design LLC v Green Tree Investment Group Inc*, 2013 WL 1828671, *3 (ND Tex), citing *Lindsey v Prive Corporation*, 161 F3d 886, 893 (5th Cir 1998).

3. Analysis

Defendant was properly served and never answered. The entry of default was thus deemed appropriate under Rule 55(a). See Dkt 9.

The remaining question concerns the propriety of entry of default judgment. Three inquiries pertain to that consideration. The first is whether the entry of default judgment is procedurally warranted. The next is whether the substantive merits of the plaintiff's claims as stated in the pleadings provide a sufficient basis for default judgment. The last is whether and what relief the plaintiff should receive. For example, see *Nasufi v King Cable Inc*, 2017 WL 6497762, *1–2 (ND Tex); *United States v 1998 Freightliner*, 548 F Supp 2d 381, 384 (WD Tex 2008); *Joe Hand Promotions Inc v Casison*, 2019 WL 3037074, *2 (SD Tex).

a. Procedural requirements

The following factors are pertinent to a decision whether default judgment is procedurally appropriate:

- *First,* whether material issues of fact are in dispute;
- *Second,* whether there has been substantial prejudice to the plaintiff;

- *Third,* whether the grounds for default are clearly established;
- *Fourth,* whether the default was caused by a good-faith mistake or excusable neglect on the defendant's part;
- *Fifth,* whether default judgment is inappropriately harsh under the circumstances; and
- *Sixth,* whether the court would think itself obliged to set aside the default upon motion by the defendant.

*Lindsey*, 161 F3d at 893, citing Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2685 (West 3d ed 1998).

*First,* Plaintiff's well-pleaded allegations against Defendant are assumed to be true. See *Nishimatsu*, 515 F2d at 1206. Defendant hasn't answered or otherwise defended this action, and so no material facts appear to be in dispute. See *Innovative Sports Management Inc v Martinez*, 2017 WL 6508184, *3 (SD Tex).

*Second,* Plaintiff has naturally experienced substantial prejudice. It demanded payment from Defendant in an attempt to allow an opportunity to cure the default. Dkt 1 at ¶ 7. Defendant didn't respond and likewise hasn't defended this action, effectively halting the adversarial process. See *China International Marine Containers Ltd v Jiangxi Oxygen Plant Co*, 2017 WL 6403886, *3 (SD Tex); *Insurance Company of the West v H&G Contractors Inc*, 2011 WL 4738197, *3 (SD Tex).

*Third,* the Clerk properly entered default against Defendant pursuant to Rule 55(a) because it neither answered nor otherwise defended this action. See Entry of Default of 08/24/21. Default judgment is likewise proper because it still hasn't answered or otherwise defended. See *United States v Padron*, 2017 WL 2060308, *3 (SD Tex); *WB Music Corporation v Big Daddy's Entertainment Inc*, 2005 WL 2662553, *2 (WD Tex).

*Fourth,* nothing suggests that the default by Defendant has been the product of good-faith mistake or excusable

4

neglect. See *Insurance Company of the West*, 2011 WL 4738197 at *3; *Innovative Sports Management*, 2017 WL 6508184 at *3; *Lindsey*, 161 F3d at 893.

*Fifth,* nothing suggests that it would be too harsh to enter default judgment against Defendant, who has taken no action to respond to this suit. See *Joe Hand Promotions Inc v 2 Tacos Bar & Grill LLC* 2017 WL 373478, *2 (ND Tex), citing *Lindsey*, 161 F3d at 893; *Insurance Company of the West*, 2011 WL 4738197 at *3. Plaintiff attempted to resolve this dispute before bringing suit. And Defendant has had over five months to respond to Plaintiff's complaint, further mitigating any harshness of entering a default judgment. See *Insurance Company of the West*, 2011 WL 4738197 at *3, citing *Lindsey*, 161 F3d at 893.

*Sixth,* nothing is apparent that would cause the default judgment to be set aside if Defendant were to challenge it. See *Insurance Company of the West*, 2011 WL 4738197 at *3 (citations omitted).

Given the foregoing, entry of default judgment pursuant to Rule 55(b) is procedurally appropriate.

### b. Substantive requirements

Plaintiff alleges that Defendant breached a contract between the parties and thereafter failed to remit the payment due for early termination. But there still must be "a sufficient basis in the pleadings for the judgment entered." *Nishimatsu*, 515 F2d at 1206. This is so because a default judgment is valid "only so far as it is supported by well-pleaded allegations, assumed to be true." Ibid.

The inquiry is thus whether the complaint satisfies Rule 8 of the Federal Rules of Civil Procedure. See *Wooten v McDonald Transit Associates Inc*, 788 F3d 490, 497–98 (5th Cir 2015). Rule 8(a)(2) requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court holds that this "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusa-

5

tion." *Ashcroft v Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007).

The factual allegations in Plaintiff's complaint are sufficient to satisfy the low threshold of Rule 8. Plaintiff sufficiently establishes that Defendant is liable to it. In its complaint, Plaintiff provides the date the contract was signed, as well as the value of the consideration. See Dkt 1 at ¶¶ 5 & 6; see also Dkt 10-1 at 1–4. It also asserts that Defendant was made aware of the termination payment due through its demand for payment. Dkt 1 at ¶ 7.

The substantive merits of the claims as stated in the complaint provide a sufficient basis for default judgment.

### c. Appropriate remedies

Plaintiff seeks $396,000.00 in damages, interest on this amount at a rate of 9% per annum as of the date of judgment, and post-judgment interest on the full judgment amount. Dkt 1 at ¶ 10; see also Dkt 10 at 6–7.

Rule 55(b)(2) provides for hearing for an accounting or to determine the amount of damages. Damages ordinarily may not be awarded upon default judgment "without a hearing or a demonstration by detailed affidavits establishing the necessary facts." *United Artists Corporation v Freeman*, 605 F2d 854, 857 (5th Cir 1979). But where the requested damages can be "determined with certainty" from the pleadings and supporting documents and a hearing would reveal no pertinent information, the court needn't "jump through the hoop of an evidentiary hearing." *James v Frame*, 6 F3d 307, 310–11 (5th Cir 1993).

*As to damages.* Plaintiff provided an executed copy of its contract with Defendant. Dkt 10-1. It also outlined details of both the termination payment owed by Defendant and the contract terms upon which the payment was calculated. Dkt 1 at ¶ 6.; see also Dkt 10-1. Plaintiff seeks $396,000.00 in liquidated damages and interest on this amount at a rate of 9% per annum as of the date of judgment. Dkt 10 at 6–7. This represents the early termination payment due and interest thereon as allowed by the contract's terms. Ibid; see also Dkt 10-1 at 3.

Plaintiff will be awarded $396,000.00 in liquidated damages and pre-judgment interest on this amount at a rate of 9% per annum as of the date of judgment.

*As to post-judgment interest.* Plaintiff seeks an award of post-judgment interest. Dkt 10 at 6–7. "Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 USC § 1961(a). District courts lack discretion to deny such interest on monetary judgments. *Joy Pipe USA LP v ISMT Ltd*, 703 F App'x 253, 259 (5th Cir 2017), citing *Meaux Surface Protection Inc v Fogleman*, 607 F3d 161, 173 (5th Cir 2010).

Plaintiff will be awarded post-judgment interest at the applicable federal rate from the date of judgment until the judgment is paid in full.

4. Conclusion

The motion by Plaintiff Triton Hedron, LLC for default judgment against Defendant Permaducto S.A. de C.V. is GRANTED. Dkt 10.

Permaducto is ORDERED to pay Triton $396,000.00 in liquidated damages and pre-judgment interest on this amount at a rate of 9% per annum as of the date of judgment.

This judgment is subject to post-judgment interest pursuant to 28 USC § 1961 at the applicable federal rate from the date of judgment until paid in full.

SO ORDERED.

Signed on November 30, 2021, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge